IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,      Case No. 3:03 CR 773-02

 -vs-

                   MEMORANDUM OPINION
THOMAS J. WINKLE,          AND ORDER

       Defendant.

KATZ, J.

  Pending before the Court is the Defendant's motion for release on bond pending appeal. (Doc. No. 104). The Government has filed a memorandum in opposition thereto and Defendant has filed a reply. After review the Court will deny the Defendant's motion for release pending appeal.

  The parties have set forth in their respective briefs a relatively comprehensive statement of the facts of this case. Briefly, the Defendant and Steven L. Myers were automobile dealers who were indicted for being involved in a relatively massive check kiting scheme. The co-defendants kited checks between January, 2001 and November, 2001. During those 11 months more than 11,000 checks, exceeding $280,000,000, were involved. The check kiting scheme was a significant contributing factor to the collapse of the Oakwood Deposit Bank Company. While Defendant Myers entered a plea of guilty, Defendant Winkle opted to enter a plea of not guilty and went to trial before a jury; the Honorable John W. Potter, Senior District Judge, now retired, presided at that trial. Both Defendants Myers and Winkle were sentenced by this Judge. Therefore, this Judge is extremely familiar with the facts of this case as well as the facts surrounding the collapse of the Oakwood Deposit Bank Company due to the

fact that the former Chief Executive Officer of that Bank was a defendant in a criminal case before this Court.

Mr. Winkle was sentenced to concurrent terms of 60 and 78 months on the two counts as to which he was convicted by the jury. An appeal was taken and is currently pending before the Sixth Circuit Court of Appeals, but no briefs have been filed according to the docket available to this Court.

Release pending appeal is governed by 18 U.S.C. § 3143. That section requires this Court, before release pending appeal, to determine by clear and convincing evidence that the Defendant is not likely to flee or pose a danger to the community if released; that issue has not been raised by the Government in any significant way and the Court does not believe it to be an issue since other than with respect to the offenses of which he was convicted in this Court, Mr. Winkle was a law abiding citizen with a significant family and community presence. However, this Court must also determine that the appeal is not for the purpose of delay and raises a substantial question or questions of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment or a sentence which would involved a term of imprisonment less than the total time already served plus the expected duration of the appeal process. The statute creates a presumption against release pending appeal. *United States v. Vance*, 851 F.2d 166, 168-69 (6th Cir. 1988). Clearly, the Defendant has the burden of proof in relation to the criteria cited above.

A review of the memoranda filed by the parties and this Court's knowledge of the case here involved fails to reflect any issue which would rise to the level required under Section 3143(b)(1)(B). Because the burden of proof is extremely high, requiring the Defendant to show by clear and convincing evidence that he comes within the previously recited rubric permitting the Court to release him pending

appeal, it is equally clear that the Defendant cannot meet that high burden of proof. This Judge did not preside at the Defendant Winkle's trial, but is extremely familiar with the facts surrounding the case. To make a determination as requested by defense counsel would require a review of the entire trial proceedings; that trial began with voir dire on May 11, 2004 and continued with opening statements and presentation of evidence on that day and through May 13, 2004, on which date testimony was completed and the matter submitted to the jury. The jury returned its verdict on May 13, 2004 and found the Defendant guilty on Counts 1 and 2. While Rule 29 motions were made, no motion for new trial was filed and the matter proceeded to sentencing before this Judge on September 10, 2004. A notice of appeal was filed on September 21, 2004.

Because this Court cannot find that the appeal is likely to result in any of the subsection (B) actions by the Court of Appeals, the Court is not in the position to act favorably on the Defendant's request for release pending appeal. Further note is appropriate here. It does not appear to this Court that on appeal a substantial question is raised which involves a close question of law or fact. While the Court is cognizant that Mr. Winkle's family is and has been adversely impacted, which is generally the case in criminal matters where family and friends suffer together with the Defendant, it must also be acknowledged that dozens of stock holders and depositors of Oakwood Deposit Bank Company also suffered as a result of the Bank's collapse, in no small measure attributable to the actions of Messrs. Myers and Winkle.

The Defendant's motion for release pending appeal is denied.

IT IS SO ORDERED.

             s/ *David A. Katz*

                                                DAVID A. KATZ
                                                U. S. DISTRICT JUDGE